IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 4, 2023

## BENJAMIN MCCURRY v. AGNESS MCCURRY

**Appeal from the Circuit Court for Washington County**
**No. 38147     Thomas J. Wright, Senior Judge**

————————————————————

**No. E2022-01767-COA-R3-CV**

————————————————————

Because the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; AND KRISTI M. DAVIS, J.

Agness McCurry, Johnson City, Tennessee, pro se appellant.

Sandy Phillips, Johnson City, Tennessee, for the appellee, Benjamin McCurry.

## MEMORANDUM OPINION[1]

The appellant, Agness McCurry ("Appellant"), filed a notice of appeal on December 19, 2022, which states that appellant is appealing the December 19, 2022 order of the Circuit Court for Washington County ("the Trial Court"). Appellant attached a copy of the December 19, 2022 order to the notice of appeal. Upon review, this court determined that the December 19, 2022 order was not a final judgment. By Order entered December 21, 2022, this Court ordered Appellant to show cause why this appeal should not be dismissed

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

for lack of a final judgment. Appellant responded to our show cause order, but failed to show that a final judgment has been entered.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The December 19, 2022 order from which Appellant attempts to take an appeal sets out the status of the proceedings in the Trial Court and states that Appellant's "Motion Requesting Immediate Sole Custody of the Minor Child" and Appellee's Ex Parte Emergency Motion have not yet been heard and remain pending in the Trial Court.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc.*, 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Agness McCurry, for which execution may issue.

**PER CURIAM**